# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS SOUCHLAS, | ) | CASE NO. 5: 18 CV 1201 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| U.S. GOVERNMENT *et al.*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**Background**

On May 24, 2018, *pro se* plaintiff Nicholas Souchlas, a citizen and resident of Greece, filed this *in forma pauperis* diversity action against the U.S. Government, Kent State University (KSU), KSU's Physics Department, Brookhaven National Laboratory (BNL), and the BNL Physics Department. (Doc. No. 1, Complaint ["Compl."].) His lawsuit is based upon his dissatisfaction with his experience as a graduate student at KSU, from 2001 through 2009. This is the second *in forma pauperis* lawsuit plaintiff has filed in this Court arising from his experience as a graduate student at KSU. On February 13, 2018, this Court dismissed a prior lawsuit plaintiff filed against the same defendants. The Court dismissed plaintiff's prior complaint under 28 U.S.C. § 1915(e) because he did not allege any particular legal theory and because his allegations did not reasonably suggest a valid claim. *See Souchlas v. U.S. Government, et al.*, Case No. 5: 17 CV 2176 (February 13, 2018).

In this lawsuit, as in his prior lawsuit, plaintiff contends the U.S. Government granted him an F1 visa to pursue a PhD in physics at KSU, but KSU failed to provide him the assistance and support he needed to publish and pursue a successful career in science. As in his prior lawsuit, he

contends his research advisor at KSU was incompetent and used him as "cheap labor." As a result, he graduated one of the last in his class "without any publications and, therefore, without the possibility for employment and a career in [his] area of preference in science." (Compl. ¶ 11.) He also contends, as he did in his prior lawsuit, that KSU and BNL created a four-month job for him in an area unrelated to his expertise to "avoid further trouble" from him after he threatened his advisor in 2008, and for the purpose of removing him from KSU and, ultimately, from the United States. (Doc. No. 1-2, General Overview[1] at 30.[2]) Plaintiff alleges he worked in various positions supported by BNL until June 2011, but was terminated after he "emailed [his] story to KSU, BNL officials and the media." (Doc. No. 1-3, Timeline Overview at 78.) He left the United States in 2014. (*Id*. at 79.)

Asserting "incompetence," "negligence," and "intentional tort" in his complaint, plaintiff seeks one hundred million dollars from defendants for "completely derailing and irreparably damaging" his career in science, as well as an order that "KSU stop accepting international graduate students in their PhD program in physics." (Compl. ¶ 17.)

**Standard of Review**

Federal district courts are expressly required, under 28 U.S.C. § 1915(e), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630

---

[1] Plaintiff attached documents to his complaint that the Court has considered to be included among the allegations of the complaint.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

F.3d 468, 470-71 (6th Cir. 2010). To survive a dismissal for failure to state a claim under § 1915(e), a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)).

## Discussion

Upon review, the Court finds that plaintiff's complaint must be dismissed. "Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 480 (E.D.N.Y. 2015). The doctrine of claim preclusion prevents parties from litigating matters that were or "should have been advanced" in an earlier suit. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (citation omitted). Claim preclusion bars a suit when: (1) there is a final judgment on the merits in a prior action; (2) a subsequent suit is brought between the same parties or their privies; (3) an issue in the second suit was or could have been raised in the first; and (4) the claims in both suits arise from the same transaction. *Id.* (citation omitted).

The elements of claim preclusion are all present here. This Court's judgment dismissing plaintiff's prior *in forma pauperis* lawsuit constitutes a final judgment on the merits for purposes of determining whether his present *in forma pauperis* lawsuit is barred. *See, e.g., Davis v. Butler Cty., Ohio*, 658 F. App'x 208, 213 (6th Cir. 2016) (a "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in forma pauperis*") (citation omitted).

This lawsuit involves the same parties as plaintiff's prior suit. Although plaintiff asserts new legal theories in this complaint that he did not previously allege (*i.e.*, state-law tort claims), his claims arise out of the same transaction as his earlier, dismissed complaint (namely, events pertaining to his experience as a graduate student at KSU), and he could have asserted those claims in his earlier suit. Accordingly, claim preclusion now bars plaintiff from asserting his claims in this second *in forma pauperis* suit. *See, e.g., Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 206 (2d Cir. 2002) (holding that a plaintiff's *in forma pauperis* complaint against a former employer alleging national origin discrimination was barred by *res judicata* due to dismissal for failure to state claim of a prior *in forma pauperis* complaint by the plaintiff asserting employment-related claims).

Even if plaintiff's claims were not barred by claim preclusion, his complaint would still be subject to dismissal under § 1915(e). His allegations regarding his dissatisfaction with his treatment and the quality of the education he received as a graduate student at KSU do not suggest any plausible tort claim under Ohio law. Ohio treats the relationship between a university and its students as "contractual in nature." *Doe v. Coll. of Wooster*, 243 F. Supp. 3d 875, 888 (N.D. Ohio 2017), citing *Al–Dabagh v. Case W. Res. Univ.*, 777 F.3d 355 (6th Cir. 2015) (further citations omitted). Under Ohio law, a plaintiff "cannot use the acts which are alleged to constitute breach of contract to support a tort claim[.]" *Valente v. Univ. of Dayton*, 689 F. Supp. 2d 910, 927 (S.D. Ohio 2010) (holding that a law school did not owe fiduciary duties, or other duty of care, to a student under Ohio law).

## Conclusion

Accordingly, plaintiff's motion to proceed *in forma pauperis* in this matter (Doc. No. 2) is granted, and for the reasons stated above, his complaint is dismissed pursuant 28 U.S.C. §1915(e).

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 24, 2018

                                                        **HONORABLE SARA LIOI**
                                                        **UNITED STATES DISTRICT JUDGE**